**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
Howard B. Mankoff, Esq. - ☎973-618-4118
Attorney I.D. No. 021971981
✉ hbmankoff@mdwcg.com
Matthew J. Behr, Esq.
Attorney I.D. 025841998
✉ MJBehr@mdwcg.com
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
🖷 973-618-0685
ATTORNEYS FOR DEFENDANT – South Orange Maplewood School District

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK**
<u>**ELECTRONICALLY FILED**</u>

| | |
|---|---|
| BLACK PARENTS WORKSHOP, a New Jersey Not for Profit Corporation, Parent S.F. on behalf of A.F., a minor; Parent D.I. on behalf of J.I., a minor; Parents of E.M. and J.M. on behalf of M.M., a minor; Parent R.J. on behalf of S.J., a minor; Parent B.J. on behalf of A.J., a minor, | CASE NO.: 2:18-CV-02726-JMV-JBC |
| | Civil Action |
| | **Answer and Affirmative Defenses** |
| Plaintiffs | |
| v. | |
| THE SOUTH ORANGE MAPLEWOOD SCHOOL DISTRICT, JOHN and JANE DOES 1-20, | |
| Defendants | |

**<u>Response to Introduction and Initial Statement of Claim</u>**

What the Plaintiffs describe as the Introduction and Initial Statement of Claim does not contain factual allegations and is not properly included in a pleading. The South Orange Maplewood School District (SOMSD) has not violated Federal statutes, State statutes, nor the Constitutions of New Jersey or of the United States. The School District continues to work toward a  school district in which each and every student has the opportunity to reach his or her potential,  regardless of nationality, race or special needs.

The School District has worked with the United States Department of Education Office of Civil Rights in an open and transparent manner,  to ensure that the School District's policies and procedures provide to all students  equal opportunity for academic achievement and equal treatment for disciplinary infractions. The School District does not employ any policies or procedures which have the effect of discriminating against any students based on race or disability.

The Plaintiffs acknowledge in their complaint that  the School District agreed to work with Office of Civil Rights to address the concerns of the District's minority students.  The District has complied with this agreement . The Office of Civil Rights has not asserted that the District has violated the agreement.

The Plaintiffs, in their amended complaint, rely on disputed social science studies from which the Plaintiffs cherry pick data in a misleading fashion, so as to denigrate the hard work and dedication of School District teachers and administrators. The facts will demonstrate that the Plaintiffs are not entitled to the equitable and monetary relief they seek.

## Jurisdiction and Venue

1. It is admitted that the statutes provide federal jurisdiction. To the extent the Plaintiffs mean to imply that the Defendants violated any of the cited statutes, the allegations are denied.

2. This is the Plaintiffs' description of their claims.  To the extent the Plaintiffs mean to imply that the Defendants violated any of the cited statutes, the allegations are denied.

3. It is denied that the Defendants engaged in any act, omission or conspiracy in violation of Federal or State Statutory or common law.

## The Parties

4. The Defendants have no knowledge concerning the Black Parents Workshop or their activities. The Defendants deny that the Black Parents Workshop has standing.

7.   (There are no paragraphs 5 and 6 in the amended complaint).  Because the complaint identifies the Plaintiffs by initials, the School District is unable to respond to the allegations in this paragraph. The School District denies that students in the District have been denied a "diverse educational experience."

8.   Because the complaint  identifies the Plaintiffs by initials, the School District is unable to respond to the allegations in this paragraph.

9.  Because the complaint  identifies the Plaintiffs by initials, the School District is unable to respond to the allegations in this paragraph.

10.  Because the complaint identifies the Plaintiffs by initials, the School District is unable to respond to the allegations in this paragraph.

11.  The Plaintiffs have chosen to refer to the parents and students by their initials. This prevents the School District from investigating the allegations in the complaint. The School District is therefore unable to admit or deny the allegations in this paragraph.

12. Admitted, except as to the John Doe defendants

13. This paragraph describes fictitious defendants. To the extent the Plaintiffs mean to imply that the fictitious defendants violated the constitutions of the United States or the State of New Jersey, or state or federal statutes, the allegations are denied.

14.  To the extent the Plaintiffs mean to imply that the Defendants violated the constitutions of the United States or the State of New Jersey, or state or federal statutes, the allegations are denied.

## **Background**

The Plaintiffs intentionally violate Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint. The Defendants will not,

in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

## Factual Allegations

I. **The South Orange Maplewood School District is not Segregated,  Does Not Determine Placement in Accelerated Classes by Race or Disability and Does Not Impose Discipline Based on Race or Disability**.

   A. The School District Denies that it Maintains a System of De Facto Segregation.

1. Denied. SOMSD does not determine placement in accelerated classes based on race.

2. Denied. SOMSD does not determine placement in accelerated classes based on race.

3. Denied. SOMSD does not determine placement in accelerated classes based on race. It is admitted that the School District maintains six elementary schools, grades K-5, which are located throughout the communities of South Orange and Maplewood. It is admitted that the School District operates a Pre-K school, two middle schools and Columbia High School.

4. The allegations in this paragraph are admitted, except to the extent the Defendants deny that there are pockets of segregation. Generally, students are assigned to the school in their catchment area, but many elementary students do not attend what would be called their home schools.

5. The Defendants lack sufficient information to admit or deny the allegation that the population of the District is becoming "Whiter." The District denies that Black parents

are removing their children from the School District based on an awareness of what the Plaintiffs allege are "difficulties Black children face in the district's schools." .

6. The School District denies that it maintains a system of *de facto* segregation of its elementary schools.

7. The School District denies that classes in the High School are segregated by race. All students have an equal opportunity to participate in accelerated classes.

8. Denied. The School District does not segregate its schools.

9. Denied. The School District does not segregate its schools.

10. Denied. The School District does not segregate its schools. The Defendants deny that the incidents referred to in this paragraph were the result of any policy or procedure implemented by the School District.

11. Denied. The School District's response to the incident was appropriate.

12. Denied. The Defendants deny that the incident referred to in this paragraph was the result of any policy or procedure implemented by the School District.

13. Denied. The administrators and teachers of the South Orange Maplewood School District have dedicated themselves to the education of the students, without regard to race or disability status.

14. Denied to the extent that the Plaintiffs mean to imply that the leadership of the School District is or was deficient. The District denies that there has been "an exodus" of teachers.

15. The allegations in this paragraph that fault the leadership of the School District are denied. The Plaintiffs cite to claims unrelated to the allegations of race related decision making because the facts do not support these allegations.

16.  The allegations in this paragraph that fault the leadership of the School District are denied. The Plaintiffs cite to claims unrelated to the allegations of race related decision making because the facts do not support these allegations.

17.  The allegations in this paragraph that fault the leadership of the School District are denied. The Plaintiffs cite to claims unrelated to the allegations of race related decision making because the facts do not support these allegations.

18.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

## B.  Plaintiff's Allegations About Grouping and Leveling

1.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a

legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the constitutions   of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

2.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.  To the extent the Plaintiffs mean to imply that the Defendants have violated the constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

3.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

4. The Plaintiffs intentionally violate Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint. The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

5. The Plaintiffs intentionally violate Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint. The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

6. The Plaintiffs intentionally violate Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to

social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

7. The Defendants admit that the Plaintiffs accurately quote the complaint filed by the Office of Civil Rights. The Defendants deny that School District engaged in tracking and leveling to segregate accelerated classes.

8. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

9. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint

which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the Constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

10. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the Constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

11. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have

violated the Constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

### C.  Current State of Tracking and Leveling

12. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the Constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

13.  The Defendants deny that any classes are segregated by race. The documents to which the Plaintiffs refer in this paragraph speak for themselves.

14.  It is admitted that the Board of Education of the School District released data, which was proof of compliance with the OCR Resolution Agreement. The Board of Education complied with the Resolution in all respects.  The data showed significant progress in meeting the goals described in the OCR Resolution Agreement. The School District denies that it utilized any practice or procedure which prevented any student, based on race or disability, from utilizing the accelerated classes or other educational opportunities presented by Columbia High School.

15.   The School District denies that it utilized any practice or procedure which prevented any student, based on race or disability, from utilizing the accelerated classes or other educational opportunities presented by Columbia High School. Here, as in other allegations, the Plaintiffs violated Rule 8 of the Federal Rules of Civil Procedure.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that the Defendants have violated the Constitutions of the United States or New Jersey, or Federal or State statutes, the allegations are denied.

16. The School District denies that it utilized any practice or procedure which prevented any student, based on race or disability, from utilizing the accelerated classes or other educational opportunities presented by Columbia High School.

17. The allegations in this paragraph are denied. The Plaintiffs describe statistics in a way which is misleading, to mask the weakness of their allegations.

18.  The data on the slides speaks for itself. To the extent the Plaintiffs mean to imply that this data shows the School District is discriminating against students based on race, the allegation is denied.

19.   . The data is presented out of context in a way which is misleading. To the extent the
Plaintiffs mean to imply this data shows the School District is discriminating against
students based on race, the allegation is denied.

20.   It is admitted the presentation occurred. It is denied that the presentation confirmed that
African American students have been disadvantaged by the School District's policies or
procedures.

21.   It is denied that there is racial achievement gap caused by policies or procedures
instituted by the School District. The Plaintiffs describe statistics in a way which is
misleading, to mask the weakness of their allegations.

21.   (There are two paragraphs 21 in the complaint)  The Plaintiffs accurately describe the
PARCC testing. The Defendants deny the allegation that the test results reveal that the
School District policies have disadvantaged African American Students. The data, in fact,
shows just the opposite.

22.   The Defendants deny that the District has failed African American students. It is
specifically denied that the district supervisor orchestrated what the Plaintiffs
misleadingly describe as "creaming" of advanced level courses. The SOMSD has and
continues to utilize policies and procedures which provide equal opportunities to all
students, regardless of race and disability status, to access advanced level courses. Here
again, the Plaintiffs quote one student, from a Facebook posting, which as recent events
demonstrate, is proof of nothing.

23.   To the extent the Defendants can glean a factual allegation from this paragraph, the
Defendants deny that the School District utilized any policy or procedure which caused
racially disparate test scores.

24. The Defendants deny that they utilize policies and procedures, which cause the disparities referred to in this paragraph. *?*

25.  The Defendants deny that they utilize policies and procedures, which cause the disparities referred to in this paragraph.

26. The Defendants deny that they utilize policies and procedures, which cause the disparities referred to in this paragraph.

27. To the extent the Defendants can glean a factual allegation from this paragraph, the Defendants deny that the School District utilized any policy or procedure which caused racially disparate test scores.

28. The allegations in this paragraph are denied.

29.  To the extent the Plaintiffs mean to imply that comments, which are incomplete and taken out of context, are proof of anything, the allegations are denied.

D.  Plaintiffs' Allegation Regarding Post High School Academic Performance

1. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial

pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

2. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

3. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

4. To the extent the Plaintiffs meant to imply that the allegations in this paragraph support a legal cause of action, the Defendants deny that these allegations are proof of anything.

5. To the extent the Plaintiffs meant to imply that the allegations in this paragraph support a legal cause of action, the Defendants deny that these allegations are proof of anything

6.  To the extent the Plaintiffs meant to imply that the allegations in this paragraph support a legal cause of action, the Defendants deny that these allegations are proof of anything.

7.  To the extent the Plaintiffs meant to imply that the allegations in this paragraph support a legal cause of action, the Defendants deny that these allegations are proof of anything.

8.  To the extent the Plaintiffs meant to imply that the allegations in this paragraph support a legal cause of action, the Defendants deny that these allegations are proof of anything.

### E.  Plaintiffs' Allegations About Discipline

1.  The School District denies that there is a pattern of racially disparate discipline.  The School District denies that there is an excessive application of the HIB statute against African American  students.  The School District's disciplinary policies and procedures are applied to all students in the same manner.

2.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. Although there are allegations in this paragraph specific to the School District, the allegations are so vague, in that they do not refer, to the school, and the year, the School District cannot meaningfully respond to the allegation.

3. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

4. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

5. The Defendants are unable to respond to this allegation, because the Plaintiffs do not identify the student or the teacher.

6. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint

which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading.

7. The Defendants are unable to respond to the statements in this paragraph, which are not factual allegations, or even legal conclusions. To the extent the Plaintiffs offer the conclusions of the ACLU as a basis to assert a legal cause of action, the allegation is denied.

8. The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that allegations in this paragraph support the legal causes of action asserted, the allegations are denied.

## II.    The School District Has Addressed the Plaintiffs' Concerns About Alleged Racial Disparities.

1. It is admitted that the policies cited in this paragraph were adopted in 2015. The policies speak for themselves, and the Plaintiffs' characterizations are denied.

2. It is admitted that the policies cited in this paragraph were adopted in 2015. The policies speak for themselves, and the Plaintiffs' characterizations are denied.

3.  The Plaintiffs intentionally violate  Federal Rule of Civil Procedure 8, which states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than adhere to the Rule, the Plaintiffs have chosen to cite to social science studies, from which the Plaintiffs  select out of context quotations. In ignoring the Rules, which govern proper pleading, the Plaintiffs have filed a complaint which is more press release than legal complaint.  The Defendants will not, in their initial pleading, engage in a duel of academic studies, which are not appropriately included in a legal pleading. To the extent the Plaintiffs mean to imply that allegations in this paragraph support the legal causes of action asserted, the allegations are denied.

4.  The School District denies that it put into place practices which had  which violated the spirit and intent of Access and Equity.

5.   The School District admits that it voluntarily entered into a Resolution Agreement with the U.S. Department of Education Office of Civil Rights in October of 2014. The remaining allegations in this paragraph are denied. The School District provided information on many occasions, through many distribution channels, regarding the programs called for by the Department of Education.

6.  The School District denies the allegations in this paragraph. The School District denies it has knowingly sustained *de facto* segregation.  The School District does not maintain racially segregated schools.

7.  The School District denies all of the allegations in this paragraph. The School District has complied with the Resolution Agreement. The Department of Education, Office of Civil Rights, which received information from the School District about compliance with the

Resolution Agreement, has not claimed that the School District is in violation of the Agreement.

8.  The School District denies the contract with the consultant was prematurely terminated. The School District denies the consultant was needed to implement the action plan.

9.   The School District denies it failed to maintain the data required by the OCR, which did not claim that the School District violated the Resolution Agreement.

10. The School District denies that it violated the Resolution Agreement with the OCR, which did not claim that the School District violated the Resolution Agreement.

11. The School District denies that it violated the Resolution Agreement with the OCR, which did not claim that the School District violated the Resolution Agreement.

12.  The School District denies all of the allegations in this paragraph. The School District has complied with the Resolution Agreement. The Department of Education, Office of Civil Rights, which received information from the School District about compliance with the Resolution Agreement, has not claimed that the School District is in violation of the Agreement.

13. The School District denies all of the allegations in this paragraph. The School District has complied with the Resolution Agreement. The Department of Education, Office of Civil Rights, which received information from the School District about compliance with the Resolution Agreement, has not claimed that the School District is in violation of the Agreement.

14.   It is admitted that individuals and groups have expressed interest in the execution of the Resolution Agreement.

15.  The School District admits  that the Black Parents Workshop has been working to advance the interests of the African American children in the School District, . The remaining allegations in this paragraph are not facts which support any of the causes of action asserted by the Plaintiffs and as such are not properly included in the complaint.

## III.    Summary of the School District's Continuing Efforts to Assure Equal Access to Educational Opportunities and the Equal Imposition of Discipline

1.  Denied. The School District does not and has not maintained any policy or procedure, which has a racially disparate impact on any students.

2.  Denied. The School District has complied with the Resolution Agreement.

3.  Denied. The School District does not and has not maintained any policy or procedure, which results in the disproportionate discipline of African American students.

4.  Denied. .The School District does not maintain a system of *de facto segregated schools*.

5.  Denied. The School District does not and has not maintained any policy or procedure, which restrict the movement of African American students into higher level classes while allowing the movement of White students into these same classes.

6.  Denied. The School District does not and has not maintained any policy or procedure, which harm disabled students.

7.  Denied. The School District does not and has not maintained any policy or procedure, which deprives White students of the benefit of academic and cultural diversity in an educational environment.

8.  Denied. The School District does not and has not maintained any policy or procedure, which has a racially disparate impact on any students.

9. Denied. African American students have not been damaged by any action or inaction of the School District

## Counts of the Complaint

### Count One

The School District denies that it has violated Title I of the Elementary and Secondary School Act of 1965, 20 U.S.C. 6301 and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

### Count Two

The School District denies that it has violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d) *et seq.* and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

### Count Three

The School District denies that it has violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d) *et seq.* and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

**Count Four**

The School District denies that it has violated 42 U.S.C. 1983 and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

**Count Five**

The School District denies that it has violated 42 U.S.C. 1983 and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

**Count Six**

The School District denies that it has violated The Rehabilitation Act of 1973, The Civil Rights Act of 1964, 42 U.S.C. 2000(d) *et. seq.* and denies that it has in the past or continues to maintain any policies or procedures, which discriminate based on race or disability.

**Count Seven**

The School District denied that it has violated the Individuals with Disabilities Act, 20 U.S.C. 33 and asserts that it has provided to all disabled students the services they need to obtain an adequate education.

**Count Eight**

The School District has not violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

**Count Nine**

The School District has not violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 and denies that it has in the past or continues to maintain any policies or procedures, which violated the statute.

**Demand for Relief**

The Defendants demand that the complaint be dismissed with prejudice and that the Defendants be granted counsel fees and costs of suit.

**Affirmative Defenses**

1. The amended complaint fails to state a claim upon which relief can be granted.

2. The Black Parents Workshop lacks standing,

3. The amended complaint is barred because the Plaintiffs have failed to exhaust administrative remedies under the IDEA.

4. The alleged violations of Title I do not provide a private right of action. Newark Parents Assn v. Newark Public Schools, 547 F. 3d 199 (3rd Cir. 2008)

5. The  amended complaint is barred by the applicable statute of limitations.

6. The amended complaint is barred by the doctrine of laches.

7. As a Civil Rights Complaint, this Complaint is insufficient and therefore must be dismissed.  The allegations of the Complaint are broad and conclusory and fail to state sufficient facts in support of its conclusions.  In this Circuit, plaintiffs in Civil Rights actions are required to plead facts with specificity.  Negrich v. Horn, 379 F.2d

213 (3rd Cir. 1967), see also <u>Rotolo v. Borough of Charleroi</u>, 522 F.2d 920 (3rd Cir.

1976)

### Local Rule 11.2 Certification

Pursuant to Local Rule of Civil Procedure 11.2, I certify that this matter is not the subject

of any other action pending in any court, or any pending arbitration or administrative proceeding.

I know of no other parties which should be joined in this action.

### Trial Counsel Designation

Howard B. Mankoff is hereby designated as trial counsel for the Defendant.


```
                                    MARSHALL    DENNEHEY    WARNER
                                    COLEMAN & GOGGIN
                                    Counsel for Defendant
                                    South Orange Maplewood School
                                    District

                                         /s/ Howard B. Mankoff
                            BY:_____
                                    HOWARD B. MANKOFF, ESQ.
Dated: May 24, 2018

                                         /s/Matthew J. Behr, Esq.
                            BY:_____
```